UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JANAY M. COX,<br><br>    Plaintiff,<br><br>    v.<br><br>TRANS UNION, LLC and EQUIFAX, LLC,<br><br>    Defendants. | CAUSE NO.: 2:19-CV-503-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on the Stipulation of Dismissal [FRCP 41(A)] and Order of Dismissal [ECF No. 73] ("First Stipulation") and the Stipulation of Dismissal with Prejudice Between Plaintiff and Defendant Trans Union, LLC Only [ECF No. 76] ("Second Stipulation"). In the First Stipulation, the Plaintiff and Defendant Equifax, LLC, stipulate to the dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(a)(ii) of the Federal Rules of Civil Procedure. The First Stipulation is signed by the Plaintiff and Defendant Equifax, LLC. In the Second Stipulation, the Plaintiff and Defendant Trans Union, LLC, stipulate to the dismissal of this action, with prejudice, pursuant to Rule 41(a)(1)(a)(ii) of the Federal Rules of Civil Procedure. The Second Stipulation is signed by the Plaintiff and Defendant Trans Union, LLC. The Court construes the Stipulations to be a motion requesting a court order dismissing this lawsuit with prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure and grants the motion as construed.

## ANALYSIS

Rule 41(a)(1)(A)(ii), permits a plaintiff to "dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P. 41(a). The Seventh Circuit has explained that Rule 41(a) "does not speak of dismissing one claim in a suit; it speaks of dismissing 'an action'—which is to say, the whole case." *Taylor v. Brown*, 787 F.3d 851, 857 (7th Cir. 2015) (quoting *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 777 (7th Cir. 2001)). As such, a Rule 41(a) stipulation that does not dispose of the entire case is improper. *See id.* at 258 n.9. ("The parties indicated that it's common practice in some district courts in this circuit to allow the voluntary dismissal of individual claims under Rule 41(a). If that is true, we remind judges to use Rule 15(a) instead.").

The Stipulations filed in this matter are deficient for two reasons. The first deficiency is that both Stipulations seek to dismiss a subset of claims rather than the entire action. The First Stipulation provides "that this action against Equifax shall be and hereby is dismissed with prejudice as to all claims and causes of action." First Stipulation, ECF No. 73. The Second Stipulation provides "that Plaintiff's cause against Trans Union only should be dismissed." Second Stipulation, ECF No. 76. Either Stipulation, if granted, would leave remaining the Plaintiff's claims against the other Defendant, and, thus, neither Stipulation disposes of the case in its entirety. The second deficiency is that neither Stipulation is signed by each party that has appeared. Specifically, neither Stipulation is signed by both Defendants. As such, the Stipulations are improper and do not result in dismissal under Rule 41(a)(1)(A)(ii).

Pursuant to Rule 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms the court considers proper." Fed. R. Civ. P. 41(a)(2). In this case, two Joint Notices of Settlement [ECF Nos. 69 and 70] have been filed, indicating that the Plaintiff has

reached a settlement with each of the Defendants. Shortly after the Notices of Settlement were filed, the Plaintiff filed the two Stipulations agreeing and attempting to dismiss this case, with prejudice, in its entirety. Each Defendant has agreed to the dismissal, with prejudice, of the Plaintiff's claims directed at it and neither Defendant will be prejudiced by the dismissal of the Plaintiff's claims directed at the other Defendant. Accordingly, the Court construes the Stipulations to be a motion requesting a court order dismissing this case with prejudice and finds that dismissal with prejudice is proper.

## CONCLUSION

For the reasons set forth above, the Court ORDERS that the action is DISMISSED WITH PREJUDICE in its entirety. Defendant Equifax Information Services LLC's Motion for Summary Judgment [ECF No. 32] is rendered MOOT.

SO ORDERED on December 17, 2020.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT